J-S68037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                         :             PENNSYLVANIA

                              :
              v.                      :
                              :

RICHARD MICHAEL WOY             :
                              :
            Appellant         :     No. 723 WDA 2018

Appeal from the PCRA Order May 8, 2018
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-CR-0000163-2012,
CP-56-CR-0000728-2011

BEFORE:  SHOGAN, J., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED NOVEMBER 28, 2018**

Appellant Richard Michael Woy appeals from the order entered in the Court of Common Pleas of Somerset County denying his second petition filed under the Post Convict Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After a careful review, we affirm.

The relevant facts and procedural history have been set forth, in part, by the PCRA court as follows:

> The charges in these cases originate from an investigation conducted by the Attorney General's Bureau of Criminal Investigations.  The investigation involved using an undercover agent to pose as a 13-year-old female communicating in an online chat room.  Between February 20, 2011, and March 24, 2011, [Appellant] sent the undercover agent explicit sexual and obscene messages, and granted the agent access to observe webcam footage of [Appellant] masturbating.
>
> On September 12, 2011, a criminal complaint was filed against [Appellant] charging him with one count of criminal

_____

\*   Former Justice specially assigned to the Superior Court.

attempt/unlawful contact with a minor, four counts of unlawful contact with a minor, and one count of criminal use of a communication facility, all felonies of the third degree. The court records pertaining to this criminal complaint are docketed to No. 728 Criminal 2011.

On February 8, 2012, after a forensic examination uncovered images of child pornography on [Appellant's] computer hard drive, [Appellant] was charged in a second case with nineteen counts of sexual abuse of children, and one count of criminal use of a communication facility, a third degree felony. The court records pertaining to this criminal complaint are docketed to No. 163 Criminal 2012.

On July 25, 2012, [Appellant] pled guilty in No. 728 Criminal 2011 to two counts of unlawful contact with a minor, and one count of criminal use of a communication facility; and in No. 163 Criminal 2012 to twelve counts of sexual abuse of children, and one count of criminal use of a communication facility. At the guilty plea hearing, the prosecuting attorney stated on the record, and [Appellant] acknowledged, that [Appellant] would be subject to lifetime registration as a sexual offender pursuant to Megan's Law III, 42 Pa.C.S. § 9795.1(b)(1) (expired). On November 15, 2012, [Appellant] was sentenced to serve two years to ten years in a State Correctional Institution. [Appellant] was also ordered to comply with the lifetime registration requirements under Megan's Law III, *supra*. [Appellant did not file a direct appeal from his judgment of sentence.]

[Appellant] filed his first PCRA petition on November 7, 2013, alleging ineffective assistance of counsel and the imposition of a sentence greater than the lawful maximum. By order dated December 3, 2013, Megan Will, Esquire was appointed to represent [Appellant]. A preliminary PCRA hearing was conducted on January 10, 2014. The petition was dismissed by the PCRA court on February 4, 2014, the court finding no genuine issues of material fact which entitled [Appellant] to relief. [Appellant] did not appeal the PCRA court's order.

[Appellant] filed [a second] PCRA petition *pro se* on [or about] August 21, 2017….A copy of the petition was forwarded by the Clerk of Courts to Megan Will, Esq. ([Appellant's] PCRA counsel from his first petition), who promptly filed a scheduling praecipe on behalf of [Appellant]….Preliminary argument on the petition was held on October 26, 2017.

PCRA Court's Order, filed 3/14/18, at 1-3 (citations omitted).

On March 14, 2018, the PCRA court provided Appellant with notice of its intent to dismiss his second PCRA petition, and by order entered on May 8, 2018, the PCRA court dismissed the petition. Appellant filed a timely counseled appeal to this Court, and all Pa.R.A.P. 1925 requirements have been met.

Initially, we note that "[o]ur standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Wojtaszek**, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Robinson**, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citation omitted).

Here, Appellant's judgment of sentence became final on or about December 15, 2012, upon expiration of the time to file a direct appeal to this Court. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant's current petition, filed on or about August 21, 2017, was clearly filed more than one year of the date the underlying judgment became final. Thus, the petition is facially untimely.

Appellant does not recognize that his instant PCRA petition is untimely; but rather, he asserts that his petition has merit since his sentence is illegal under **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017). Although a legality of sentence claim cannot be waived, it must be raised in a timely PCRA petition. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa.Super. 2007); 42 Pa.C.S.A. § 9545(b)(2); **Commonwealth v. Fahy**, 558 Pa. 313, 737 A.2d 214, 223 (1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citation omitted)).

Moreover, assuming, *arguendo*, Appellant intended to invoke the third timeliness exception, that the decision in **Muniz** satisfies the newly recognized constitutional right exception to the PCRA's time bar under Subsection 9545(b)(1)(iii), such reliance would not satisfy the timeliness exception.

As this Court held in **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018):

> [W]e acknowledge that this Court has declared that "**Muniz** created a substantive rule that retroactively applies in the collateral context." However, because [the petitioner's] PCRA petition is untimely[,…] he must demonstrate that the Pennsylvania Supreme Court has held that **Muniz** applies retroactively in order to satisfy [sub]section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, [the petitioner] cannot rely on **Muniz** to meet th[e third] timeliness exception.

**Murphy**, 180 A.3d at 405-06 (quotation and citation omitted).

- 5 -

In other words, this Court concluded that the holding in **Muniz** does not apply at this point to untimely-filed PCRA petitions. **See Murphy**, **supra**.

Accordingly, we conclude Appellant's second PCRA petition was untimely filed, and he has not demonstrated his entitlement to one of the timeliness exceptions. Thus, he is not entitled to relief.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2018